ORANGE COUNTY.—HON. GILBERT O. HULSE, SURROGATE.
JULY, 1871.

## SWARTWOUT v. SWARTWOUT.

*In the matter of the guardianship of* HARRIET E. SWART-
WOUT, ISABELLA SWARTWOUT, *and* GEORGE H.
SWARTWOUT, *minors.*

A widow judicially appointed guardian of her own children may be removed, upon her re-marriage.

*It seems* that the re-marriage terminates such a guardianship.

THIS was a petition to remove Harriet E. Swartwout from the guardianship of her children.

Henry B. Swartwout, a resident of the town of Deerpark, in this county, died possessed of about $15,000, in personal estate, and a farm of about 180 acres, upon which at the time of his death, he resided.  He left him surviving, his wife Harriet E. and their children, Harriet E. Isabella, and George H.  All of the children were still under fourteen years of age.

Harriet E. was duly appointed the administratrix of his personal estate, and she as such settled her accounts

before the Surrogate of this county, and upon the 28th day of May, 1867, a decree was entered in the Surrogate's office directing her to retain in her hands the shares of the personal estate of the said Henry B. Swartwout, deceased, due to each of said children, amounting to about, in all, $9,000, until a general guardian should be appointed, when she was ordered to pay said shares over to such guardian, and upon the 3rd day of May, 1869, she was duly appointed such guardian by the said Surrogate.

In December, 1869, the said Harriet E. intermarried with one Watson Space, by whom she subsequently had one child. She and her three children occupied the farm left by the decedent until her said marriage with Space, and he with her and the children thereafter continued to occupy it.

Application was made by James D. Swartwout, uncle of said Henry B. Swartwout, as a friend of Henry's children, and in their behalf, for the removal of Harriet E. now Harriet D. Space, as guardian, alleging as grounds the said intermarriage with said Space, and certain alleged misconduct of the said guardian.

DURYEA & BACON, *for the petitioners,*

DANIEL FINN, *for the guardian.*

THE SURROGATE.—At common law, an unmarried female, otherwise competent, may make as valid contract as a male, and could in like manner be guardian of minors, because she was as free to act as a male, but upon her marriage she ceased to be the free agent she was before; and she in law could make no contract whatever, without the consent or sanction of her husband—she was under his control. This rule was in time somewhat modified, so that, after marriage, with the consent of her husband, she might be appointed administratrix, and her husband

was liable for her acts, but this rule was never made applicable to guardians. (*Woodruff* v. *Cox*, 2 *Bradf* 153, *Bunce* v. *Vander Grift*, 8 *Paige*, 37.)

Therefore, when even a mother was guardian of her children and re-married, her guardianship ceased, because she was no longer competent to make a contract, and was under the influence of her new husband, and perhaps another reason may be added,—that of the probability of other children and the partiality that might be shown by the stepfather. There are other reasons, no doubt, within the observation of all, why the guardian in such a new relation should be removed. (*Lee* v. *Gowatt*, 1 *Bradf.*, 346 ; 2 *Bradf.*, 155 ; *Newhouse* v. *Gale*, 1 *Redfield*, 217.)

Whatever may have been formerly the power of this court to remove for this cause (marriage), the statute of 1837 invested it with such power. (*Laws* 1837, *p.* 530, § 34.)

There is no application before me for the appointment of a new guardian in this matter, but it is strenuously insisted by the counsel for the guardian that the laws of 1867 authorize her to be continued as guardian, or rather does continue her such guardian.

I do not agree with the counsel. The statute authorizes the Surrogate to appoint a married woman executrix, administratrix and guardian, and married women are declared therein to be capable to act as such, as though they were single woman, and their bonds given upon the granting of such letters are to have the same force and effect as though they were not married. (2, *Laws* 1867, *p.* 783, § 2.)

This act is one simply permissive ; it makes a married woman competent. It removes her common law disability and declares her capable to act. She may give a bond the same as if she were sole, which shall be legal

and as valid as if single; but the statute does not continue the trustee, and the question involved in this matter is untouched.

But if the statute last cited did authorize or continue the guardianship, I am very much inclined to remove Mrs. Space for other reasons which have been laid before me by evidence, but the conclusion at which I have arrived saves the discussion of that question.

Let an order be entered removing Harriet E. Space, formerly Swartwout, as guardian of her children by Henry B. Swartwout, deceased, upon the appointment of a new guardian for said children, and let her account to such new guardian.

Order accordingly.